## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

State Farm Fire and Casualty
Company,

               Plaintiff,

vs.

Samuel Bratvold Bolt and Erin
Arneson,

               Defendants.

Case No. _____

## DEMAND FOR JURY TRIAL

## COMPLAINT IN DECLARATORY JUDGMENT

Plaintiff State Farm Fire and Casualty Company ("State Farm"), by and through its undersigned attorneys, for its Complaint in Declaratory Judgment against the above–captioned Defendants, states and alleges as follows:

1.    This action is brought under Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 *et seq*.

## PARTIES, JURISDICTION AND VENUE

2.    State Farm is an insurance company that maintains its principal place of business in the State of Illinois.  At all times material, State Farm was licensed to transact business and issue insurance in the State of Minnesota.

3.    Upon information and belief, Defendant Samuel Bratvold Bolt ("Bolt") is a resident of the State of Minnesota, with a primary address in Minneapolis, Minnesota.  Bolt is a named Defendant in this action because he is a named

party in the underlying litigation and he may attempt to assert rights under the insurance policy contracts at issue in this litigation.

4.     Upon information and belief, Defendant Erin Arneson ("Arneson") is a resident of the State of Minnesota.   Arneson is a named Defendant in this action because she is a named party in the underlying litigation and she may attempt to assert rights under the insurance policy contracts at issue in this litigation.

5.     Jurisdiction in this Court is properly conferred with respect to the allegations set forth herein under 28 U.S.C. § 2201 and § 1332 et seq. This action involves citizens and entities of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.     Venue is proper in this District under 28 U.S.C. § 1391 because the insurance policies at issue were written and issued in Minnesota.  Defendants Bolt and Arneson are residents of the State of Minnesota.  The allegations in the Underlying Action relate to a personal injury claim in the State of Minnesota and said action is venued in Hennepin County District Court, State of Minnesota.

## FACTUAL BACKGROUND

7.     In or about May 2020, by way of a Summons and Complaint, Erin Arneson initiated a claim against Samuel Bratvold Bolt arising out of his actions when Arneson attempted to restrain him in the course and scope of her employment as a police officer at the University of Minnesota on or about December 10, 2014 ("the underlying Complaint" and/or "underlying lawsuit").

2

8.     Arneson alleges she sustained personal injuries as a result of Bolt's conduct and that she incurred medical expenses for treatment of such injuries.

9.     Arneson's lawsuit is venued in Hennepin County, State of Minnesota.  A true and correct copy of the underlying Complaint is attached hereto as **Exhibit A**.

10.     Among other things, the underlying Complaint alleges that on December 10, 2014, Arneson, while in the course and scope of her employment as a University of Minnesota police officer, responded to a call regarding a male in distress at Sanford Hall.

11.     In the underlying Complaint, it is alleged that Defendant Bolt failed to comply with Arneson's commands and that she attempted to arrest him as a result.

12.     It is further alleged that Bolt was under the influence of alcohol and/or illicit drugs.

13.     Arneson alleges that Bolt owed a duty to Arneson to exercise due care and caution for her safety and to act reasonably and prudently under the circumstances then existing.

14.     The underlying Complaint further alleges that Bolt acted in a negligent and careless manner.

15.     Through the underlying Complaint, Arneson alleges she was severely and permanently injured in mind and body, that she has and will incur

medical expenses, and that she has suffered loss of earnings and will incur loss of earnings and earning capacity.

16.    On or about March 1, 2017, Samuel Bratvold Bolt was found guilty of two gross misdemeanors arising out of the incident, namely:

**COUNT 1:** On or about December 10, 2014, in the County of Hennepin, Minnesota, Samuel Bratvold Bolt, did unlawfully intentionally obstruct, resist or interfere with a peace officer, while the officer was engaged in the performance of official duties, and the act caused death, substantial bodily harm, or serious property damage. Said acts constituting the offense of Obstruct Legal Process-Interfere with Peace Officer in violation of: §609.50.1(2) Maximum Sentence: 5 years or $10,000 fine, or both.

**COUNT 2**: On or about December 10, 2014, in the County of Hennepin, Minnesota, Samuel Bratvold Bolt, did unlawfully physically assault and inflict demonstrable bodily harm upon a peace officer licensed under state law who was effecting a lawful arrest or executing any other duty imposed by law. Said acts constituting the offense of Assault-4th Degree Peace Officer-Demonstrable bodily harm or throws/transfers bodily fluids or feces in violation of: §609.2231.1 Maximum Sentence: 3 years or $6,000 fine, or both.

*State of Minnesota v. Samuel Bratvold Bolt*, Hennepin County Court File 27-CR-15-23657.

17.    After being served with the underlying lawsuit, Bolt tendered the same to State Farm seeking a defense and indemnification under the applicable Homeowners Policy.

18.    In response to the tender, State Farm offered a defense to Bolt for the underlying lawsuit under a reservation of rights, reserving its right to deny defense or indemnity to Bolt for the claims asserted in the underlying case.

19.     A controversy of a justiciable nature has arisen as to whether State Farm has a duty to defend and/or indemnify Bolt under the applicable Homeowners Policy.

20.     State Farm has therefore commenced this action pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 *et seq.* seeking declaratory relief from this Court.

## STATE FARM'S INSURANCE POLICIES

21.     At all times material, Bolt was insured under a Homeowner's Policy issued by State Farm.  A true and correct redacted copy of the applicable policy is attached hereto as **Exhibit B**.

22.     The Homeowners Policy at issue states, in relevant part, as follows:

### SECTION II – LIABILITY COVERAGES

### COVERAGE L – PERSONAL LIABILITY

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:

1.     pay up to our limit of liability for which the **insured** is legally liable; and

2.     provide a defense at our expense by counsel of our choice.  We may make any investigation and settle any claim or suit that we decide is appropriate.   Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the **occurrence**, equals our limit of liability.

* * *

5

## SECTION II – EXCLUSIONS

1.      Coverage L and Coverage M do not apply to:

    a.      **bodily injury** or **property damage**:

        (1)      which is either expected or intended by the **insured**; or

        (2)      which is the result of willful and malicious acts of the **insured**;

* * *

## DEFINITIONS

Certain words and phrases are defined as follows:

1.      "**bodily injury**" means physical injury, sickness, or disease to a person.  This includes required care, loss of services and death resulting therefrom. * * *

    **Bodily injury** does not include:

***

    c.      emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury unless it arises out of actual physical injury to some person.

7.      "**occurrence**", when used in Section II of this policy, means an accident, including exposure to conditions, which first results in: . . . .

    a.      **bodily injury**; or

    b.      **property damage**;

    during the policy period.  All **bodily injury** and **property damage** resulting from one accident, series of related accidents or from continuous and repeated exposure to the same general conditions is considered to be one **occurrence**.

23.     Pursuant to the above policy language, and other potentially relevant provisions, State Farm has no duty to defend and no duty to indemnify Bolt against the claims and allegations asserted against him by Arneson in the underlying lawsuit.

24.     Bolt was also insured under a Personal Liability Umbrella Policy ("PLUP") at the time of the incident described in the Underlying Complaint.  He has expressly declined to tender a claim to State Farm under that policy.  State Farm has reviewed that policy and believes that if a claim were tendered to it under that policy, it would have no duty to defend and no duty to indemnify Bolt against the claims and allegations asserted against him by Arneson in the underlying lawsuit.  A true and correct redacted copy of the PLUP is attached hereto as **Exhibit C**.

25.     The PLUP provides, in relevant part as follows:

**DEFINITIONS**

2.     **"bodily injury"** means physical injury, sickness or disease to a person, including death resulting therefrom.

**Bodily injury** does not include:

***

c.     emotional distress, mental anguish, humiliation, mental distress, mental injury, or any similar injury or any resulting physical injury unless it arises out of actual physical injury to some person; or

d.     **personal injury**.

***

7.      **"loss"** means:

    a.      an accident, including accidental exposure to conditions, which first results in **bodily injury** or **property damage** during the policy period.  Repeated or continuous exposure to the same general conditions is considered to be one **loss**; or

    b.      the commission of an offense which first results in **personal injury** during the policy period.  A series of similar or related offenses is considered to be one **loss**.

## COVERAGES

### COVERAGE L – PERSONAL LIABILITY

If a claim is made or suit is brought against an **insured** for damages because of a **loss** for which the **insured** is legally liable and to which this policy applies, **we** will pay on behalf of the **insured**, the damages that exceed the **retained limit**.  The most **we** will pay for such **loss** is the Coverage L Limit of Liability, as shown on the declarations page, regardless of the number of **insureds** who may be liable, claims made, or persons injured.

### Defense

If a suit is brought against any **insured** for damages because of a **loss** to which this policy applies, **we** will provide a defense to the **insured** at **our** expense by counsel of **our** choice when the basis for the suit is a **los** that is not covered by any other insurance policy but is covered by this policy.  **We** have no duty to defend any claim or suit after **we** tender, deposit in court, or pay the amount due under this policy.

*****

## EXCLUSIONS

There is no coverage under this policy for any:

14.     **bodily injury** or **property damage** which is:

    a.      either expected or intended by the **insured**; or

    b.      the result of any willful and malicious act of the **insured;**

8

21.    order of restitution issued by a court in a criminal proceeding or equitable action.

26.    Certain other policy provisions, exclusions, conditions or limitations may be applicable to this action.  State Farm reserves the right to rely upon these provisions, exclusions, conditions or limitations and/or amend its Complaint in Declaratory Judgment to include such other policy language, if necessary, as this litigation continues.

## COUNT I - ALL INTERESTED PARTIES
## DECLARATORY RELIEF

27.    State Farm incorporates by reference Paragraphs 1 through 26 of this Complaint in Declaratory Judgment as if set forth in full herein.

28.    The subject Homeowners Policy issued by State Farm does not apply to provide coverage to Bolt against the allegations in the underlying lawsuit.

29.    The terms, conditions, provisions and exclusions of the subject Homeowners Policy do not afford coverage or protection for Bolt against Arneson's allegations.  Therefore, State Farm has no duty to defend and no duty to indemnify Bolt in the underlying lawsuit.

30.    The subject PLUP issued by State Farm would not apply to provide coverage to Bolt against the allegations in the underlying lawsuit.

31.    The terms, conditions, provisions and exclusions of the subject PLUP do not afford coverage or protection for Bolt against Arneson's allegations.

Therefore, State Farm has no duty to defend and no duty to indemnify Bolt in the underlying lawsuit.

32.     Based upon the foregoing, an actual controversy and dispute of a justiciable nature has arisen between State Farm and the above-named Defendants who are interested parties, and any others who may claim rights under the policy contracts at issue, as to the interpretation of the terms, conditions, exclusions, and provisions of the Homeowners Policy and PLUP, as well as the coverage available under the policy in relation to the underlying lawsuit.

34.     State Farm seeks a determination and declaration from this Court that it has no duty to defend and no duty to indemnify Bolt against the claims and allegations in the underlying lawsuit.

**WHEREFORE,** State Farm prays for the following relief:

1.     That this Court determine and declare that State Farm has no duty to defend and no duty to indemnify Bolt or anyone else against the claims and allegations asserted in the underlying Complaint; and

2.     That this Court grant to State Farm its costs and disbursements incurred herein and such other and further relief as the Court deems just and equitable.

**TRIAL BY JURY IS HEREBY DEMANDED.**

HKM, P.A.

Dated: <u>October 7, 2020</u>

<u>*s/Kathleen K. Curtis*</u>
C. Todd Koebele, #17287X
Kathleen K. Curtis, #0388279
30 East Seventh Street, Suite 3200
St. Paul, MN 55101
(651) 227–9411
tkoebele@hkmlawgroup.com
kcurtis@hkmlawgroup.com

Attorneys for Plaintiff State Farm

4850-2539-8984, v. 1